IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : : |
| Plaintiff, | : : |
| v. | : Civil Action No. 1:22-cv-01140 : : |
| AAA HOME HEALTH INC., a corporation, and BETSY BONILLA, individually and as President of AAA HOME HEALTH, INC.; | : : : : |
| Defendants. | : : : |

**COMPLAINT**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin AAA Home Health Inc., a Virginia corporation, and Betsy Bonilla, individually and sole owner of the aforementioned company (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c) and 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 ofthe Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant AAA Home Health Inc. ("AAA"), is, and at all times hereinafter

1

referenced was, a corporation with a place of business at 8136 Old Keene Mill Rd., Springfield, VA 22152, which is within the venue and jurisdiction of this Court. This Defendant is a home health care firm that provides skilled home health care services in consumer's private residences. The firm administers medication, cook, clean, make beds, and launder clothes.

3.  Defendant Betsy Bonilla is, and at all times hereinafter referenced was, the sole owner and president of Defendant AAA. Defendant Bonilla does, and at all times hereinafter mentioned did, business in Springfield, VA as she oversees the daily operations of the businesses located at 8136 Old Keene Mill Rd., Springfield, VA 22152, which is within the venue and jurisdiction of this Court. Defendant Bonilla maintains 100% ownership interest in Defendant AAA. Defendant Bonilla is actively involved in the day-to-day operations of the company, has the ability to hire and fire employees, assign work assignments, ensures quality control, and set rates of pay accordingly. Defendant Bonilla has acted directly or indirectly in the interest of the company in relation to their employees at all times relevant herein and meets the definition of an employer under Section 3(d) of the Act.

4.  At all times hereinafter mentioned, Defendants have been an enterprise within themeaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) providing goods to consumers, in furtherance of the business purposes of Defendants' unified business entity.

5.  At all times relevant herein, Defendants have employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce, such medications and cleaning material. Further, at all times relevant herein, Defendants have had annual gross volume sales made or business done of notless than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act.

6. At all times hereinafter mentioned, Defendants have been third party employers of home aides. These home aides work directly for the Defendants and not for the consumers for whom they are providing these home services. These home services are considered "domestic service" as defined in 29 C.F.R. § 552.2 because they are "services of a household nature," performed "in or about a private home." Therefore, these employees are covered by Section 2(a) of the Act and as defined in 29 C.F.R. § 552.3.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce for workweeks longer than those prescribed in Section 7 of the Act without compensating said employees for all hours worked over forty in a workweek at rates not less than one-and-one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

    a. For example, from at least December 21, 2020, through April 10, 2022 ("relevant period"), Defendants paid employees straight-time instead of overtime and thereby failed to compensate those individuals who worked over 40 hours in a workweek one and one-half times their regular rate. Although many such individuals worked for more than 40 hours in a given week, these individuals did not receive time and one-half their regular rate for their overtime hours.

8. Defendants willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they were to maintain as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep, and preserve the hours individuals worked each workday, total hours worked each workweek, and the overtime premium pay per hour.

9. As a result of the willful violations alleged above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Sections 7 of the Act for the employees named in Schedule A attached to this Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (andcontinuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to Plaintiff.

10. During the investigative period, Defendants continually and willfully violated the provisions of the Act as alleged above. A judgment permanently enjoining and restraining the violations herein alleged (including restraining of withholding of overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(a) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(b)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of December 21, 2020, through present, and for an equal amount due to certain of Defendants' current and formeremployees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after the filing of this Complaint, October 11, 2022, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during litigation and added to Schedule A;

(c) For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees;

(d) In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuantto 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

                              Respectfully submitted,

Post Office Address                         Seema Nanda
                                            Solicitor of Labor

U.S. Department of Labor
201 12th Street South, Suite 401     Oscar L. Hampton III
Arlington, VA 22202                      Regional Solicitor
Phone: 202.693.9369
Fax: 202.693.9392                         Ryma Lewis
                                            Regional Counsel

                                            */s/* Mohamed Seifeldein
                                            Mohamed Seifeldein
                                            VSB#: 84424
                                            U.S. Department of Labor
                                            Office of the Regional Solicitor
                                            201 12th Street South, Suite 401
                                            Arlington, VA  22202-5450
                                            (202) 693-5574
                                            Seifeldein.mohamed.e@dol.gov


                                            Attorneys for Plaintiff
                                            U.S. DEPARTMENT OF LABOR


Date:   October 11, 2022

# SCHEUDLE A

1. Elvia Araujo
2. Maria Araujo
3. Aghsan Assad Shehade
4. Linda Braz
5. Reina Carcamo
6. Lissette Castillo
7. Maria Chavez Centeno
8. Greisy Diaz
9. Evelina Garcia Mayorga
10. Josseling Garcia Mayorga
11. Cindy Gomez
12. Leyla Mendieta
13. Flor Navarro
14. Amy Caroline Navarro Euceda
15. Ibeth Palma
16. Silvia Pascual
17. Natalia Ponce Claros
18. Guillerma Salgado
19. Batseba Teklezg'
20. Yasmina Torres
21. Ivette Ventura